UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 7991 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UPS GROUND FREIGHT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Alleging that he was wrongfully prosecuted after his supervisor made a false report to the police, Travis Jones filed this suit against UPS Ground Freight, Inc., his employer, in the Circuit Court of Cook County, Illinois, claiming false imprisonment, malicious prosecution, and *respondeat superior* liability. Doc. 1-1. UPS removed the case to this court under the diversity jurisdiction, Doc. 1, and then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), Doc. 16. Jones voluntarily dismissed his false imprisonment claim, Doc. 28, leaving only the malicious prosecution and *respondeat superior* claims. The motion to dismiss is denied as to the malicious prosecution claim but granted as to the *respondeat superior* claim.

**Background**

On a Rule 12(b)(6) motion to dismiss, the court must accept the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Jones's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Jones's brief opposing dismissal, so long as those additional

1

facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Jones as those materials permit. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).

Jones worked as a forklift operator at a UPS facility in Bedford Park, Illinois. Doc. 1-1 at ¶ 6. On or about September 29, 2014, Jones went to clock out from his shift when his supervisor Stephen Trost and his coworker Elicia Rodriguez confronted him and refused to let him leave. *Id*. at ¶¶ 7-9; Doc. 25 at 2. Trost ordered Jones to keep working past his scheduled shift. Doc. 1-1 at ¶ 9. Jones responded that he was too tired to operate machinery safely, but Trost insisted that he stay and instructed him to report to the clinic. *Id*. at ¶¶ 10-12. After Jones disobeyed Trost and left the facility, Trost called the police and falsely accused Jones of assault. *Id*. at ¶¶ 13-14. The Bedford Park Police Department arrived at the scene, and Rodriguez and Trost falsely told them that Jones had "bumped" Trost. *Id*. at ¶ 15. Trost then filed criminal charges against Jones. *Id*. at ¶ 16. After a bench trial, at which Trost falsely testified, the judge found Jones not guilty. *Id*. at ¶¶ 17-18. These events caused Jones to suffer "humiliation, emotional distress, and pecuniary damages." *Id*. at ¶ 29.

**Discussion**

To plead a malicious prosecution claim, a plaintiff must allege "(1) the commencement or continuation of an original criminal or civil proceeding by the defendants; (2) termination of the proceeding in his favor; (3) the absence of probable cause; (4) the presence of malice on the defendants' part; and (5) damages." *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 863 (7th Cir. 2010); *see also Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998); *Ross v. Mauro Chevrolet*, 861 N.E.2d 313, 319 (Ill. App. 2006).

UPS argues that "Jones has failed to plead any facts to show that Trost acted with malice by reporting the alleged assault involving Jones." Doc. 18 at 5. That is incorrect. "Malice is defined as the initiation of a prosecution for any reason other than to bring a party to justice." *Holland v. City of Chicago*, 643 F.3d 248, 255 (7th Cir. 2011) (internal quotation marks omitted). The complaint alleges that Jones and Trost had a work-related argument; that Trost called the police and falsely reported that Jones had assaulted him; and that Trost signed a criminal complaint based on that false report. These allegations allow for a reasonable inference that Trost initiated the prosecution not to bring Jones to justice, but simply in retaliation for their workplace disagreement. Accordingly, Jones has adequately pleaded malice.

UPS further contends that Jones's malicious prosecution claim is barred by the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq*. The IWCA generally prohibits an employee from bringing common law claims against his employer:

> No common law or statutory right to recover damages from the employer … for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ….

820 ILCS 305/5(a); *see also* 820 ILCS 305/11. A claim falls outside the IWCA's exclusivity provisions if the plaintiff's injury: "(1) was not accidental; (2) did not arise from his employment; (3) was not received during the course of employment; or (4) was not compensable under the Act." *Folta v. Ferro Eng'g*, 43 N.E.3d 108, 113 (Ill. 2015); *see also Dunlap v. Nestle USA, Inc.*, 431 F.3d 1015, 1016 (7th Cir. 2005). Jones argues that his malicious prosecution claim is not barred because his injuries were not accidental and also because they are not compensable under the IWCA. Doc. 25 at 3.

The Supreme Court of Illinois has held that intentional torts committed by coworkers are *generally* treated as "accidental" for the purposes of the IWCA. For example, in *Meerbrey v.*
3

*Marshall Field & Co., Inc.*, 564 N.E.2d 1222 (Ill. 1990), the court held that a coworker's intentional tortious conduct "cannot be said to be intentional from [the employer's] standpoint any more than from the standpoint of any third person. Realistically, it to him is just one more industrial mishap in the factory, of the sort he has the right to consider exclusively covered by the compensation system." *Id*. at 1227; *see also McPherson v. City of Waukegan*, 379 F.3d 430, 442 (7th Cir. 2004). At the same time, *Meerbrey* cautioned that the IWCA's "exclusivity provisions will not bar a common law cause of action against an employer … for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer." 564 N.E.2d at 1226. Therefore, to establish that his injury was not "accidental" from UPS's perspective, Jones must show either that UPS "commanded or expressly authorized" his malicious prosecution or that Trost is an alter ego of UPS. *See McPherson*, 379 F.3d at 443.

The complaint does not allege that UPS commanded Trost to falsely report Jones to the police. As to the alter ego exception, *Toothman v. Hardee's Food Systems, Inc.*, 710 N.E.2d 880 (Ill. App. 1999), holds that a manager may be considered an employer's alter ego for IWCA purposes if he is given "complete control over and responsibility for" the business. *Id*. at 886-87; *see also Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 957 (N.D. Ill. 2002) (observing that the plaintiff's "supervisors may well have had sufficient decisional and policy-making authority to be considered the defendants' alter egos"); *Crissman v. Healthco Int'l, Inc.*, 1992 WL 223820, at *8 (N.D. Ill. Sept. 2, 1992) ("Status as a 'foreman, supervisor, or manager' alone, without the authority to make decisions and set policy on behalf of an employer, will not suffice to render an intentional tortfeasor an alter ego. But when the tortfeasor holds a position in which he, in a practical sense, speaks for the company, he may be deemed the employer's alter

4

ego for purposes of the Workers' Compensation Act.") (citation omitted). Federal decisions are split on what exactly a complaint must plead to trigger the alter ego exception. *Compare Collman v. DG Retail LLC*, 2013 WL 5291935, at *7 (S.D. Ill. Sept. 19, 2013) ("Just being a manager or supervisor does not render an employee his employer's alter ego."), *with Creighton v. Pollmann N. Am., Inc.*, 2008 WL 5377816, at *5 (N.D. Ill. Dec. 18, 2008) (acknowledging that "supervisory status alone is insufficient to establish an employee as an alter ego," but holding that the plaintiff's managers "qualify, at least at the motion to dismiss stage, as potential alter egos" of the employer where one manager "appear[ed] to have hiring and firing authority"), *and Graves v. Man Group USA, Inc.*, 479 F. Supp. 2d 850, 854 (N.D. Ill. 2007) ("It is by no means certain that Plaintiff will ultimately be able to prove that Monieson and Peloso were acting as Man's alter ego. Nevertheless, I find that for the purposes of this motion to dismiss, Plaintiff has sufficiently pled this claim" by "point[ing] to both their positions of authority within the company and their supervisory responsibilities.").

The court need not decide whether Jones has sufficiently pleaded that Trost is UPS's alter ego because it agrees with Jones's alternative argument—that injuries arising from malicious prosecution are not compensable under the IWCA and therefore fall outside the scope of the Act's exclusivity provisions. UPS cites *Meerbrey* for the proposition that "malicious prosecution claims, and the injuries associated with them, have [already] been deemed compensable under the IWCA." Doc. 29 at 5. But *Meerbrey* did not actually decide whether the IWCA compensates for malicious prosecution; it instead ruled that "[t]he plaintiff ha[d] waived this claim, by failing to raise it in the trial court." *Meerbrey*, 564 N.E.2d at 1228. And despite finding waiver, *Meerbrey* proceeded to observe that several "other jurisdictions [have] held that injuries suffered as a result of false imprisonment and malicious prosecution are not

5

compensable under workers' compensation laws." *Ibid*. (citing cases). If anything, *Meerbrey* suggests IWCA preemption does not cover malicious prosecution claims.

Consistent with the out-of-state decisions cited by *Meerbrey*, the Illinois Industrial Commission (since renamed the Illinois Workers' Compensation Commission) denied a claim for benefits by an employee who alleged that he suffered emotional harm when his employer maliciously prosecuted him for theft. *See Goforth v. Decatur Public Sch. Dist.*, 1999 WL 33321344 (Ill. Indus. Comm'n Dec. 23, 1999). The Commission explained that the employee's claim was not covered because his alleged injuries involved no "physical contact or trauma" and were not caused by "a sudden, severe emotional shock." *Id*. at *2 (internal quotation marks omitted). Likewise, Jones alleges emotional distress and humiliation stemming from his malicious prosecution, and his injuries are not linked to any physical trauma or traceable to any sudden, severe emotional shock. Accordingly, Jones's injuries are not compensable under the IWCA, and the Act therefore does not bar his malicious prosecution claim against UPS.

UPS next contends that Jones's *respondeat superior* claim should be dismissed because *respondeat superior* is a theory of liability, not an independent cause of action. Doc. 18 at 5. Jones's response brief fails to address this argument, which results in a forfeiture. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("[T]he forfeiture doctrine applies not only to a litigant's failure to raise a general argument … but also to a litigant's failure to advance a specific point in support of a general argument …."); *Alioto v. Town of Lisbon*, 651 F.3d 715,

721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted). And in any event, UPS is correct—*respondeat superior* is not by itself a cause of action. *See Wilson v. Edward Hosp.*, 981 N.E.2d 971, 980 (Ill. 2012) (holding that actual agency and apparent agency are not causes of action separate and distinct from an underlying negligence claim because "vicarious liability is not itself a claim or cause of action"); *O'Bryan v. Holy See*, 556 F.3d 361, 370 n.1 (6th Cir. 2009) ("Plaintiffs also plead a separate cause of action titled 'Respondeat Superior Liability.' However, *respondeat superior* is not a cause of action. It is a basis for holding the [defendant] responsible for the acts of its agents."). Jones's *respondeat superior* claim is therefore dismissed.

**Conclusion**

UPS's motion to dismiss is granted in part (as to the *respondeat superior* claim), denied in part (as to the malicious prosecution claim), and denied as moot in part (as to the false imprisonment claim). Although the *respondeat superior* claim is dismissed as an independent claim, Jones of course may pursue it as a theory of holding UPS liable for its employees' conduct. UPS shall answer the surviving portions of the complaint by March 24, 2016.

March 3, 2016

United States District Judge

7